and that's Haworth v. City of Walla Walla and this case is set for 15 minutes per side and for the appellant we have the George Abraham I mispronounced the name I apologize for that for the appellees we've got Richard Brooks and Heather Yackley. Yackley thank you your honor. Heather Yackley. Yes your honor and I'm sorry my middle name is Brooks my last name is Jolly thank you. Okay so Mr. Jolly okay thank you so the without further ado we can get started if the appellant wants to make a rebuttal argument the best thing to do is to save some of your time and don't use it all up but if any advocate gets in trouble on time and needs extra time you can ask me and I'll do my best to help you out. So without further ado why don't we start with the appellant's argument. Thank you your honor and may it please the court my name is George Arend I'd like to reserve or I will endeavor to reserve six minutes of my time for rebuttal on behalf of Mr. Hayworth we're asking the court to reverse the summary judgment of dismissal entered against all defendants for the motion to dismiss it entered against all defendants and remand this case for discovery and trial on the merits. I'd like to begin at the risk of not being interesting I'd like to begin with what I think is the least interesting but also the simplest issue to resolve in this case and that's malicious prosecution. The district court dismissed the state law malicious prosecution claims against all defendants on grounds that there was probable cause for this prosecution and underlying the court's decision was the legal assumption that probable cause is satisfied if it is present at the inception of the lawsuit but we know from state law and we've cited the Banks versus Nordstrom case that probable cause anytime it evaporates during the course of a prosecution can give rise to a malicious prosecution claim and this claim was dismissed with prejudice precisely because there was a lack of probable cause after a review by an independent prosecutor who concluded there was a lack of probable cause and so what does the what do the appellees come forward with is at various times the state court ruled in response to motions to dismiss that there was proximate or that there was probable cause. Counsel did the special prosecutor say that the special prosecutor specifically found a lack of probable cause? Did the special prosecutor use those words? He did not use those precise words. He didn't use the words probable cause? Correct. At ER 377 you have his exact words which I think are tantamount to a finding of an absence of probable cause. Counsel did AS ever withdraw her allegation? Did AS ever say no no your client didn't rape me? Was there anything that she ever said to the believe that she had retracted her allegation? I don't believe we have evidence of a retraction. We didn't get to do discovery but on this record we don't have evidence of a retraction. What we do know is under state law yes your honor. No I want you to finish your answer and then I have a question. Under state law the dismissal of a case is prima facie evidence of a lack of probable cause and then you throw in what the prosecutor found and the dismissal order and the other evidence in the case you have a minimum have a question of fact about probable cause. That completes my answer. Mike yeah my question is at what point there at some point you're saying there was no longer existed probable cause but the prosecution continued. At what point do you contend that was? It was at a point before the termination of litigation. We haven't the record doesn't identify a specific date. I can say with some confidence it didn't evaporate precisely on the day that the case was dismissed. With everything that you've got in front of you in this record it evaporated at some point before the termination of the litigation but a precise date I can't give you in the record doesn't reflect. Do you think that discovery you had been allowed to pursue discovery that you would have been able to figure out that date or pinpoint that day? Absolutely I think we would be obligated to and that's what a lot of the discovery on this claim that would be one of the things that we would be endeavoring to establish. Mr. that if there's a dismissal of the suit that that then creates the presumption that there was no probable cause? Not in the sense of a conclusive presumption what the case law says and Banks case says this is it is prima facie evidence of a lack of probable cause it can create a question of fact regarding the in substance or rebuttable presumption right it could be rebutted by evidence but absent the evidence there's an issue of fact. Yes and it would be rebutted by presentation of different you know plaintiff and opposing cases in front of a jury and it would be up to the jury to conclude whether it's been rebutted unless no reasonable juror could conclude that there's an absence of probable cause and I submit that you can't do that on this record especially in light of like I said what that the independent prosecutor found as well as the other evidence that was produced in the case so at a minimum we think that we need a remand on the malicious prosecution claim because we have to choose what issues to focus on in the relatively... I have one more question on malicious prosecution you agreed that the test in Washington state for probable cause is reasonable ground for suspicion is that right it's it's certainly less than beyond a reasonable doubt and and you don't weigh conflicting evidence and deciding probable cause in Washington state courts correct? It is I don't believe suspicion it's reasonable grounds to believe a crime has been committed is my understanding. Okay reasonable grounds to believe a crime has been committed and you don't weigh conflicting evidence in the credibility determinations with regard to probable cause is that right? Correct I think it's it's more of an issue of like a 12 v 6 kind of posture you accept the... you look at the evidence in the light most favorable to the prosecution on that. So again I think we've got enough to go to the jury on that issue. I'd like to talk next about the search warrant affidavit compiled at the direction and vouched for essentially I think it's a vouching by Deputy Prosecutor Morales. This was a redo of suppressed fruits of a invalid pre-charge investigative search warrant and Deputy Prosecutor Morales pursuant to and this was reviewed by the prosecutor Mr. Nagel pursuant to what Department redid a an investigative warrant to try and overcome the grounds for suppressing it in the first place and in doing so she did a couple things one she artificially constrained what the officer was allowed to consider who was attesting to the facts in the search warrant affidavit to exclude everything that had been discovered in the year and three months between the time that the original investigative search warrant was done and when the when it was redone and then not only does it cabin the information that was subject to consideration it also included false statements the most important false statements there are several about the location of the evidence and the residents of the accused and things like that but the big one is it says this search warrant is because we have probable cause to believe that it will reveal pictures and videos taken by the accused Mr. Hayworth in this case at the time that that search warrant was filled out and Deputy Prosecutor Morales signed an affidavit saying she reviewed it according to her deposition testimony she said she knew that that statement was false because the products of the original search warrant which were in a police locker still evidence locker the the products revealed no pictures taken by the defendant no videos taken by Mr. Hayworth she knew that was false she also knew that the officer who filled out the search warrant affidavit had no idea that was false she also knew as she attested her deposition testimony that the matter the judge who reviewed the search warrant the redone search warrant application had no knowledge or information that that was fault and false and yet she certified that she reviewed the search warrant affidavit and never disclosed this falsehood now she also never disclosed all the stuff that happened in intervening one year and three months that would call into question whether there would be whether the search warrant would be issued whether there would be a limitations on the scope or manner of the search warrant or things of that nature as well the district court below held that that was absolutely immune under prosecutorial immunity because it was done after charges were filed but we know from this court's precedent we've cited them in the briefing charging is not a bright line between a prosecutorial function and an investigative function we also know that according to the Supreme Court and this court's precedent we take we look at prosecutorial immunity from a perspective not from a title perspective or a timing perspective and this was an investigative search warrant that was being redone the fact that it happened to be redone after charges was filed doesn't make it doesn't turn it into something that's absolutely prosecutorial II I mean and then of course there's the qualified immunity question and it just can't be the case that a knowingly incomplete rendering it false because it omits all the information in the intervening year in three months a knowingly false because it identified a number of facts that were wrong notably the fact that the search warrant was based on the belief that there was probable cause of finding pictures and images taken by the accused that can't satisfy qualified immunity and that's why prosecutor deputy prosecutor Morales is subject to that's why mr. Nagel the prosecutor he ratified it he reviewed it according to his testimony and that this was done according to the standard operating procedure within the Walla Walla prosecutor's office and that is why the county is liable as well I'd like to reserve if I made the rest of my time for rebuttal okay thank you give the next one we're now gonna hear from the appellees and the police 15 minutes is divided into seven and a half minutes for mr. Charlie and seven and a half minutes okay so it is sorry thank you your honor who's gonna step up with the first part of the argument your honor that would be that would be me Richard Jolly on behalf and let me just ask the clerk set the time for the these advocates separately so set seven and a half minutes and now we can start with mr. Charlie good morning may it please the court Richard Jolly on behalf of detective Marcus Goodwater Walla Walla chief oh I'm sorry it can be can the court hear me okay I can hear you yeah and also on behalf of police chief Scott Bieber in the city of Walla Walla I'll begin by addressing plaintiffs arguments or excuse me appellants arguments related to the malicious prosecution claim as judge Bennett inquired there is nothing in the dismissal language or the letter from the independent prosecutor that stated I'm dismissing this case because there's lack of probable cause in fact what the be proven by a preponderance of the evidence and clearly the sentence that we're all talking about says the court finds insufficient evidence exists in this case to support criminal charges and or sustain a conviction beyond a reasonable doubt so it's susceptible by their meaning especially since there's a slash in there is is that something that needs to go to the jury no your honor I would submit first that because the prosecutor also references that has doubts as to whether it can be proved by a preponderance which is a higher standard than probable cause as the the district court pointed out in its probable cause is a lower threshold and so that would be reason one why this doesn't go to a jury or why discovery doesn't need to be reopened but additionally the district courts ruling staying discovery that's reviewed for an abuse of discretion if I'm not mistaken and the district court as it pointed out in its summary judgment were when granting the stay of discovery to rule on the qualified immunity motions the court invited appellant to actually point out what could be gleaned from discovery that would change arguments or would change issues of law and that was something that was not provided by a court specifically invited appellant to do so and your honor I believe in the questioning of appellants counsel you inquired as to what changed during the course of the prosecution and the fact that the victim never recanted and the fact that the statute in Washington allows a sexual assault claim to go I think that's significant but there was other evidence supporting the prosecution other than simply the testimony of the victim there were likewise the graphic sexual photos that were found on a hard drive or a related to Mr. Hallworth's phone now that we understand that they had an expert that was disputing how the photos got there but it doesn't change that that was also something for the criminal court to consider and so there was they were not disputing that the photos were of AS or that it was Mr. Hallworth's phone they that's correct your honor and then likewise there was also the what the detectives and the prosecutor characterized as a peephole into the complaining witnesses bedroom so there none of those facts ever changed throughout the prosecution so even if there are arguments that well the that there was sufficient evidence to meet the probable cause threshold throughout and the fact that the appellant did not take the court's invitation to actually submit what they intended to uncover in the course of discovery that would change issues of law related to probable cause related to and the appellants have not even now presented anything other than vague generalities about what they think discovery would uncover that would change the issues of law that were ruled on by the district court because counsel for the prosecutor's office into the county is going to address things related to prosecutorial immunity I'll just jump in real quick on the due process claims related to destruction of evidence one of the allegations is that detective Goodwater directed the complaining witness to delete an internet comment and conspicuously absent from the briefing from a Pele or from appellant is the content of that actual comment that was linked to a newspaper article and the comment was I or he did it or worse to those effect which on its face doesn't seem to be exculpatory in nature if it had any evidentiary value we would submit to the court that that was inculpatory likewise regarding detective Goodwater's failure to document the interview with the grandmother as the court is aware to make out a substantive due process claim there has to be a finding of bad faith and likewise there has to be a showing that the criminal defendant was somehow harmed we would submit first that detective Goodwater didn't actually suppress anything related to the happened when the grandmother pointed that out to the prosecutor detective Goodwater quickly wrote a supplemental report the criminal defendant now the appellant counsel had opportunity twice to interview the grandmother and related to the good faith standard we would submit that there was little evidentiary value to the grandmother's opinions she opined first off that the logical liar and then likewise that the the victim was similar and we would submit that detective Goodwater was acting in good faith and that there is no substantive due process claim as a matter of law and am I reading the clock wrong am I out of time 14 seconds overtime okay thank you thank you counsel do you mind if counsel just address the third prong of the of the issues related to officer Goodwater which is the interference with Michael Tarascona's exonerating testimony yeah please go ahead I'd be glad to as the district court pointed out there was nothing about detective Goodwater's interaction with Michael Tarascona that appeared to impact mr. Haworth the allegation is that detective Goodwater was attempting to intimidate Michael Tarascona because he indicated that he could be prosecuted under the circumstances based on the information that was being offered by the criminal defense team and the court will recall that the allegations here were that the complaining witness that she was intoxicated she passed out and she woke up to find someone that she believed was Tony Haworth having sex with her and so if she's passed out then she obviously cannot consent to sex and so that was what detective Goodwater was referencing not when he spoke to Michael Tarascona but to his father but we would submit to the court that that had no impact on the criminal defense team's ability to defend mr. Haworth because there's no allegation that Michael Tarascona said you know I'm not going to testify at in any way in fact he was interviewed twice so we would submit to the court that the interaction between detective Goodwater and not Michael Tarascona but Michael Tarascona's father which was all of a three-minute telephone call that that doesn't give rise to a due process claim for mr. Haworth counsel if could I because of the independent prosecutors views before trial so the case never went to trial and so it doesn't seem possible that the element of interference could be shown that the interference caused a witness not to know your honor but we would submit that when you look at the the series of cases dealing with intimidation of witnesses it appears to arise most frequently in the context of a prosecutor warning a witness before they take the stand that if you tell this story and you help out the criminal defendant that you are talking about is a very brief telephone call where detective Haworth relayed to the father that Michael could be charged with a crime based on what the criminal defense team was submitting which is that if the reporting or complaining witness was intoxicated and she wakes up to find someone having sex with her that that person was in fact Michael Tarascona and not Tony Haworth so we would submit that the factual circumstances here that it doesn't require additional discovery that is a matter of law the court could conclude that detective Goodwater was acting in good faith and we understand that the case was not decided the summary judgment motion was not decided on the trial judge in the criminal case evaluated these issues repeatedly based on multiple motions for governmental misconduct and the court repeatedly found that what detective Goodwater had done did not give rise to any sort of government misconduct that's not a collateral estoppel argument but it certainly shows that detective Goodwater could have believed that his conduct was including interaction with Michael Tarascona the witness's father because he wasn't being threatened with perjury it was just a matter-of-fact statement Mr. Jolly you're now about five minutes over your time so I want you to answer fully if Judge Wardlaw feels her question was not answered no my question was answered thank you okay thank you your honor so Mr. Jolly we thank you for your argument I think we should turn to Ms. Yakeley for Walla Walla County good morning your honors may it please the court and counsel Heather Yakeley here on behalf of the Walla Walla County Walla Walla County prosecutors who are individually named Michelle Morales and Jim Nagel Michelle Morales is the deputy prosecuting attorney who was prosecuting this case Jim Nagel was the or my apologies is the elected prosecutor for Walla Walla County I will also spend just a couple minutes talking about the malicious prosecution questions that were raised Mr. Jolly is correct that I have a slightly different situation because my clients are prosecuting attorneys and therefore from the their perspective are entitled to absolute immunity so I want to take just one minute Judge Wardlaw read the language it's insufficient evidence to support criminal charges and or sustain beyond a reasonable doubt we all know and we've discussed that this was an independent prosecutor but I don't think that the what I'll refer to is kind of the tortured history of how that all went to the independent prosecutor should be brushed aside and that is this was at Franklin County first the prosecutor deemed that he there had deemed that he had a conflict and referred it out to Walla Walla County because of a variety of motions motions to continue etc this case the criminal trial kept getting pushed back and when it was ultimately supposed to go to trial it was essentially eight and a half months pregnant and it was given that she could very well have delivered during this trial so a request for continuance was requested that was denied and so because of the situation at the Walla Walla County prosecutor's office the case was then sent back Walla Walla County had to withdraw and it was sent back to Franklin County so what we have is we have a whole series of lawyers looking at this case and we also have a whole series of jet well not a whole series two judges looking at this case no less than five times in terms of probable cause and and so what what the appellant is arguing essentially is you should be putting more weight on this independent prosecutors review than any of the judges or any of the other individuals involved and there's simply no legal basis for that with respect is that a question for us or is it a question for the jury yeah and by the way I don't think the fact that miss Morales was pregnant is in the record we have so I don't know if we can consider those extenuating circumstances as much as I'm sympathetic but and turn up it I mean Walla Walla County withdrew I do believe that's in the record that Walla Walla County right and then it went to an independent prosecutor at least as to and I mean no disrespect or attempt to throw mr. Jolly and his clients under the proverbial bus but at least with respect to to my clients no it's not a question of a fact for the jury because the cases are clear and in fact even in a case cited by the appellant at Botelho versus gammon that's 413 fed third 971 at 976 the cases and the cases in this circuit have been very clear that the decision to prosecute or not prosecute is absolutely entitled to absolute immunity so at least with respect to the prosecuting attorneys there's nothing to strip them from the absolute immunity in this case that's in the record with respect to malicious prosecution so I don't believe that it's a question of fact for the jury at least it's to my clients your honor barring any further questions on the malicious prosecution I want to just spend a very my my remaining time to discuss the Michelle Morales declaration or what's been referred to as the Michelle Morales declaration the appellant has argued that that was somehow that she inserted herself in the investigatory process that's that's absolutely not correct and you can look at the plain language of the documents her declaration that's in question is er 261 through 6262 and when you look at that there's there's literally nothing in that declaration other than setting forth to the trial court the criminal trial court why they're doing what they're doing which is having detective Loney do another another affidavit and well I believe that that is that's sufficient to entitle miss Morales to absolute immunity because in fact it's wholly tied to the actual litigation of the trial so in other words the cases are also very clear in the circuit that if you are trying to keep evidence in actions taken by a prosecutor are entitled to absolute immunity this was not an administrative declaration this was not a declaration where she is inserting herself into the investigation in fact you could take Mr. Aaron's argument a few moments ago where he says there's untrue statements in Loney's and say okay but if if in fact there are untrue statements in there then it's obvious that miss Morales did not insert herself into that underlying search warrant all of that notwithstanding miss Morales is absolutely entitled to qualified immunity if this panel believes that she is not for some reason entitled to the absolute immunity because state versus McKee was a brand new case this search warrant was issued in April of 2017 the case state versus McKee which was the issue of particularity was published in March of 2018 obviously it's a brand new case it's brand new law miss Morales acts quite frankly appropriately to determine what she's supposed to do and whether or not her declaration and the supporting and and detective Loney's declaration were not the correct solution that's precisely why qualified immunity exists thank you your honor's thank you counsel another rebuttal argument thank you your honor malicious prosecution there is no case that says you have to have a recantation by the complaining a witness in order to establish a lack of probable cause probable cause is a question of fact there are sufficient questions of fact we have the prima facie case according to banks versus Nordstrom because do you have any case from any case that an unrecanted statement from a victim that this defendant who I know well as opposed to some stranger this defendant who I this person who I know well assaulted or raped me that that is not as a matter of law probable cause in either Washington State or any other jurisdiction any case I haven't cited one you make me think of a Westlaw search that I could do after this proceeding but you know it is equally true that there's no case establishing the opposite proposition what we do have is that probable cause is a question of fact and we have you know this is a witness where we've got people who know friends family grandma say this person is a pathological liar untrustworthy and has a motive to lie and before this ever surfaced hatched a plan to destroy mr. Hayworth you don't need a recantation you shouldn't need a recantation to go to a jury under those facts counsel let me interject a question for assuming that miss Jake Lee's correct that the prosecutors should have absolute immunity or qualified immunity on your claims of lack of probable cause who are the defendants who you could proceed against in the case the city of Walla Walla if they have absolute immunity the city of Walla Walla and the detective Goodwater chief Bieber and the county of Walla thank you on to deputy prosecutor Morales's declaration she testifies in her declaration that she told the officer what to consider that's in paragraph 6 on er 262 then she says I reviewed the affidavit McKee was a new decision but there's nothing in McKee that says when you're redoing a exculpatory evidence or evidence bearing on the credibility of the complaining witness there's nothing in McKee that says you submit a redone search warrant affidavit that contains absolutely false information that goes to the heart of the affidavit right that affidavit was saying we have probable cause to believe that defendant Hayworth took pictures and videos of the defendant we know that that's not true and of course we're starting to argue about the facts when we when we listen to the arguments and I think that's been pointed out but you know talk about these these photographs that show up on a phone there was a backup to a family iCloud account which is how they got there if that is an issue today that's an issue that should go to the jury they don't have any contrary evidence and and now they admit of course that the pictures weren't taken by mr. Hayworth they don't have any contra evidence if that is a fact if that is important today that issue has to go to the jury along with the rest of these issues lastly yeah so are you saying that miss Morales knew at the time of the second affidavit that the pictures were from the iCloud and we're not taken by a water or Hayworth I have a slight I proposition which is she knew that he didn't take the photos and that's on er 176 and that the the the officer who swore the affidavit and the judge who reviewed the affidavit didn't know that that mr. Hayworth had not taken the photos about the iCloud stuff that we never got that far in this record in order to establish that so they they knew that that mr. Hayworth hadn't taken those but they didn't know who they did who had and how they ended up on his phone they knew who had they were all selfies but one that was taken by a boyfriend they knew that that's in the record I don't know if there's a record citation for iCloud I think it may be in there but I might have to follow up with that all right the last thing is probable cause this was scrutinized by of course we were never agreed and because we got the charges dismissed so we never got to appeal those decisions and they want to backdoor collateral estoppel if anything mr. Hayworth should be entitled to the benefit oh I see I've gone over I I misread my clock may I briefly conclude please do I asked you a question you got you off track thank you your honor and so I want to say though if anything we should be entitled to the collateral estoppel of the dismissal with prejudice unusual in a criminal case like this and certainly entitled to evidentiary if not collateral estoppel effect for those reasons we'd ask the court to reverse and remand for discovery and trial thank you thank you mr. but this is a very challenging and interesting case I want to thank mr. Arendt mr. Jolly ms. Yankley for their excellent advocacy because evil presented your clients views very nicely at this point the case of Hayworth versus City of Walla Walla shall be submitted and the parties will hear from the panel in due course thank you that concludes our argument calendar for day but I do have to mention additional cases that are submitted on the briefs so the next case on our docket is Cornell v. Kijikaze it's a social security case 21 3 5 6 1 9 that case is submitted on the briefs the next case after that is Liburd versus Commissioner of Social Security number 21 3 5 4 3 5 and that's submitted on briefs the next case after that is Cruz Briones versus Garland that's number 16 706 1 0 that's submitted on briefs the next case is Fankford von Esch and Rennie Fankford von Esch versus asset systems number 21 3 5 2 1 7 that case is submitted on briefs the next case is Donna Flexner versus Kijikaze number 21 3 5 3 4 6 that case is spent on and then finally we have Silba, Silba versus Buttigieg number 21 3 5 6 9 4 that is submitted on the briefs and so with that that concludes our docket for today and the court is going to adjourn for the week unless there's some other comment that Judge Wardlaw or Judge Bennett wish to make. Okay hearing none the court will adjourn and thank counsel. Thank you your honors.
judges: WARDLAW, GOULD, BENNETT